ALONZO R. GLEASON, APPELLANT, V. MARGARET J. GLEASON, APPELLEE.

Divorce. Mere rudeness of language, petulance of manners, austerity of temper, or even occasional sallies of passion, if they do not threaten personal violence, do not constitute legal cruelty.

APPEAL from the district court of Fillmore county. Heard below before MORRIS, J.

*Rushton & Mathewson* and *Lamb, Ricketts & Wilson,* for appellant.

*John P. Maule* and *J. W. Eller,* for appellee.

MAXWELL, J.

This action was brought by the plaintiff against the defendant in the district court of Fillmore county for a divorce upon the ground of cruelty. On the trial of the cause, the court found for the defendant, and dismissed the action. The plaintiff appeals to this court, the principal ground of complaint being that the finding is against the weight of evidence.

It appears from the record that the plaintiff was married to the defendant in July, 1881, and that they lived together as husband and wife until March, 1883; that the plaintiff is 52 years of age, and the defendant about the same age. At the time of the marriage, the plaintiff had living with him a son about nine years old, and the defendant a little girl. These children and the plaintiff and defendant and a girl hired to do housework constituted the family. The principal acts of cruelty set out in the petition consist of vile, profane, abusive language by the defendant to the plaintiff, the charge of incest and abusive words to the plaintiff's son.

Gleason v. Gleason.

Some of the acts charged if fully proved would be sufficient cause for a divorce. *Kelly v. Kelly*, 1 Pacific Reporter, 194. *Freeman v. Freeman*, 31 Wis., 235. *Wheeler v. Wheeler*, 53 Iowa, 511. In the case last cited the action was by the wife against the husband for a divorce because the defendant had become addicted to habitual drunkenness, and was guilty of such inhuman treatment as to endanger the life of the wife. The court say (page 692): "'Taking into consideration the acts of personal violence, the foul language, and the defendant's unfortunate habit [of becoming intoxicated], we cannot but think the plaintiff is entitled to a divorce on the ground of inhuman treatment endangering her life." It is difficult to define what constitutes cruelty in the legal sense; but mere rudeness of language, petulance of manners, austerity of temper, or even occasional sallies of passion, if they do not threaten bodily harm, do not constitute legal cruelty. These are high moral offenses against the marriage relation, but they do not constitute that cruelty against which the law can relieve. *Evans v. Evans*, 1 Hagg. C. R. R., 35. Willard's Eq., 661.

In the case under consideration both the plaintiff and defendant appear occasionally at least to use profane and improper language, and both seem to give way to occasional sallies of temper; but in our opinion the evidence fails to establish cruelty. It is unnecessary to review the evidence at length, nor would it subserve any good purpose to do so. There seems to be nothing to prevent the parties from living together again as husband and wife if each will exercise a reasonable degree of forbearance towards the other. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.